UNITED STATES, Appellee

v

ROLF MYHRE, Fireman Recruit, U. S. Navy, Appellant

9 USCMA 32, 25 CMR 294

No. 10,490

Decided March 14, 1958

*Commander David Bolton,* USN, argued the cause for Appellant, Accused.

*Major George M. Lilly,* USMCR, argued the cause for Appellee, United States. With him on the brief was *First Lieutenant Daniel P. Reardon, Jr.,* USMCR.

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of a 100-day unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. Considering evidence of three previous convictions, the court sentenced the accused to a bad-conduct discharge, partial forfeitures and confinement at hard labor for five months. In essence, the accused contends that the evidence does not support the findings of guilty.

The record of trial shows that the accused was attached to the Naval Hospital, St. Albans, New York, as a patient. He had authorized leave until 7:00 a.m., September 10, 1956. Shortly after 5 o'clock that morning he was apprehended by the New York City police. On December 19, 1956, he appeared for trial before Judge Matthew J. Troy in the Court of Special Sessions. After consultation with "a legal aid lawyer" he entered a plea of guilty to a charge of "Youthful Offender," and was sentenced to the Elmira Reception Center for "an indefinite term not to exceed three years." However, execution of the sentence was suspended and the accused was delivered by the civilian authorities to the military.

The offense of unauthorized absence is discussed in paragraph 165 of the Manual for Courts-Martial, United States, 1951. Part of the discussion refers to the effect of apprehension and trial by civilian authorities for an act committed during such an absence. Pertinently, the *Manual* says:

".   .   . when a member of the armed forces, being absent with leave, or absent without leave, is held, tried, and acquitted by civil authorities, his status as absent with leave, or absent without leave, is not thereby changed, however long he may be held. If a member of the armed forces is convicted by the civil authorities, the fact that he was arrested, held, and tried does not excuse any unauthorized absence."

Both at the trial and on this appeal, the accused's counsel contend that the adjudication of the accused as a youthful offender is not a conviction within the meaning of the above-quoted provision, and consequently, cannot be "the basis for criminal conviction of the offense of unauthorized absence." Further support for this conclusion is sought in our holding that a judgment in a juvenile proceeding is not a conviction which can be used for impeachment purpose. United States v Roark, 8 USCMA 279, 24 CMR 89. Reliance upon the noncriminal nature of a juvenile proceeding is misplaced in this case.

We are dealing not with the nature of the New York proceedings against the accused but with the character of his absence. As the *Manual* points out, an accused who "through his own fault" is absent from his place of duty is absent without leave. Physical inability to return from leave to the place of prescribed duty is a defense to a charge of unauthorized absence. United States v Amie, 7 USCMA 514, 22 CMR 304. However, the inability must not be occasioned by the accused's own willful act. Here, before expiration of his leave, the accused voluntarily engaged in a prohibited act which resulted in his apprehension and detention by civilian authorities. It, therefore, was his own willful and deliberate conduct which led to the events which resulted in overstaying his leave. In other words, the accused's inability to return to his place of duty was the result of his own willful misconduct. Consequently, he is responsible for the period of time that he remained away from his station without authority.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.