UNITED STATES, Appellee

v

THOMAS E. NORTHRUP, Private First Class,
U. S. Marine Corps, Appellant

12 USCMA 487, 31 CMR 73

No. 15,125

October 27, 1961

*Lieutenant Colonel William H. Bennison*, USMC, argued the cause for Appellant, Accused.

*Lieutenant John W. Boult*, USNR, argued the cause for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Pursuant to his plea, the accused was found guilty of three specifications of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and breach of restriction, in violation of Code, supra, Article 134, 10 USC § 934. He was sentenced to bad-conduct discharge, reduction, confinement at hard labor for six months, and forfeiture of $50.00 per month for a like period. Intermediate appellate authorities affirmed, although they reduced the adjudged penalty. We granted review on the issue whether accused's plea of guilty was provident with respect to one of the specifications of the Charge.

The count in question alleges that the accused absented himself without leave from October 21, 1960, until December 6, 1960. His counsel's statement in mitigation and extenuation and information contained in the staff legal

**487**

officer's review establish that the absence occurred under the following circumstances.

During October 1960, accused became involved in a disturbance of the peace while visiting in a private home in Wilmington, North Carolina. He was then absent with authority and made a timely return to his duty station. As a result of the fracas, a civilian complaint was sworn out against him. At 7:30 a.m., on October 21, accused's company commander granted him special liberty to appear before the Wilmington criminal courts and defend himself. Upon his plea of guilty, he was there sentenced to "60 days on the road." The execution of that sentence was terminated on December 6, 1960, and accused was promptly returned to military control. The absence in civil confinement constitutes the alleged violation of Code, supra, Article 86, now before us.

Code, supra, Article 14, 10 USC § 814, provides pertinently:

> "(a) Under such regulations as the Secretary concerned may prescribe, a member of the armed forces accused of an offense against civil authority may be delivered, upon request, to the civil authority for trial."

Additionally, the Secretary of the Navy has provided that personnel shall normally be granted leave of absence to answer civilian charges against them. 1955 Naval Supplement to the Manual for Courts-Martial, United States, 1951, paragraphs 0707, 0710. Moreover, the Manual for Courts-Martial, United States, 1951, itself discusses the offense of absence without leave and concludes, paragraph 165, at page 315:

> "*A member of the armed forces turned over to the civil authorities upon request under Article 14 is not absent without leave while held by them under such delivery.* So, also, when a member of the armed forces, being absent with leave, or absent without leave, is held, tried, and acquitted by civil authorities, his status as absent with leave, or absent without leave, is not thereby changed, however long he may be held. If a member of the armed forces is convicted by the civil authorities, the fact that he was arrested, held, and tried does not excuse any unauthorized absence. The status of absence without leave is not changed by an inability to return through sickness, lack of transportation facilities, or other disabilities. But the fact that all or part of a period of unauthorized absence was in a sense enforced or involuntary should be given due weight when considering the type of court to which the case should be referred, or, in the event of conviction, the punishment to be imposed. *Where, however, a man on authorized leave is unable to return at the expiration thereof through no fault of his own, he has not committed the offense of absence without leave, there being an excuse for the absence in such a case.*" [Emphasis supplied.]

From the foregoing, it is clear that a member of the armed services who is formally surrendered to ▮▮▮▮▮ ▮ civilian authorities, pursuant to the terms of Code, supra, Article 14, is not absent without leave for the period he remains in the latter's hands. The fact that this accused, under the cited naval regulations, was granted special liberty rather than formally surrendered does not appear to constitute a distinction upon which criminal liability should be predicated. Nonetheless, the Government argues that this Court so held in United States v Myhre, 9 USCMA 32, 25 CMR 294. We disagree with that contention.

In the *Myhre* case, the accused committed an offense and was apprehended by the authorities while on authorized leave. Upon his subsequent adjudication as an offender, his sentence was suspended, and he was returned to military control. We unanimously affirmed findings of guilty of absence without leave for the period extending from expiration of his authorized absence until his return to duty. We there pointed out, at page 33:

> "*. . . Here, before expiration of*

*his leave, the accused voluntarily engaged in a prohibited act which resulted in his apprehension and detention by civilian authorities.* It, therefore, was his own willful and deliberate conduct which led to the events which resulted in overstaying his leave. In other words, the accused's inability to return to his place of duty was the result of his own willful misconduct." [Emphasis supplied.]

In short, the *Myhre* case did not involve, as here, the timely return of the accused from his authorized absence and a subsequent grant of authority to present himself in court. We think this distinction significant as did the General Counsel, United States Treasury, in United States v Kuhn, 28 CMR 715. In that case, it was said, at page 716:

"It has long been the law that a member of the Armed Services turned over for prosecution to civil authorities is not liable on a charge of AWOL for the time held by them. Army MCM, 1928, Para. 132; MCM, 1951, Para. 165; See also Legal and Legislative Basis, MCM, 1951, P. 255. It makes no difference whether he was turned over pursuant to a requisition from the governor of a state, or pursuant to extradition proceedings, or upon orders of his commanding officer in accordance with the Army practice, or upon request of local authorities without formal proceedings, or as here, on a grant of leave in order to comply with the conditions of bail: . . . under

none of these circumstances is he AWOL while detained by them. . . . The rule which holds the accused AWOL for the period held in civil jail refers exclusively to the case where the accused is arrested, tried, sentenced, and confined without any interruption by a return to service jurisdiction. A return to the service breaks the chain of immediate causation between the civil misconduct and the military offense of AWOL."

We likewise believe this accused cannot be held guilty of absence without leave as a result of a period ▮▮▮▮▮ ▮ spent in the hands of civil authorities when his return to the service intervenes and his subsequent appearance is with the authority of his superiors. An absence authorized under Code, supra, Article 14, simply cannot be converted into one without authority under Code, supra, Article 86. United States v Watson, 7 CMR 436.

It follows that accused's plea of guilty is improvident and must be set aside.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. Specification 1 of the Charge is ordered dismissed. The sentence will be reassessed by the board of review in light of the remaining findings of guilty.

Chief Judge QUINN and Judge KILDAY concur.