UNITED STATES

v.

John Daniel PORTER, 165 52 9364, Fireman Apprentice (E–2), U. S. Navy.

NMCM 81 1945.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 30 Jan. 1981.

Decided 26 Feb. 1982.

LT Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Sandra R. Ganus, JAGC, USNR, Appellate Government Counsel.

Before BOHLEN, Senior Judge, and BYRNE and MALONE, JJ.

BYRNE, Judge:

Appellant assigns the following error: THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEA OF GUILTY TO AN UNAUTHORIZED ABSENCE COMMENCING ON 30 JUNE 1977 WHEN APPELLANT WAS CHARGED WITH AN ABSENCE COMMENCING ON 16 JUNE 1977 AND IT APPEARED THAT THE ABSENCE COMMENCING ON 30 JUNE 1977 WAS THE SECOND PERIOD OF ABSENCE ENCOMPASSED BY THE PERIOD OF ABSENCE ALLEGED. (R. 8, 9, 11). *UNITED STATES v. REEDER*, 22 U.S. C.M.A. 11, 46 C.M.R. 11 (1972).

We find no error and affirm.

In *United States v. Reeder*, 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972), the accused pled guilty, pursuant to a pretrial agreement, to an unauthorized absence from 4 January 1969 until 11 June 1971. During the providency plea, the accused disclosed that he had sought to return to military control on 10 January 1969, six days *after* the absence began. The military judge, "concurring with the opinion of counsel," concluded that the absence had not terminated and found the guilty plea provident for the entire period. The Army Court of Military Review determined that the unauthorized absence commencing on 4 January 1969 had terminated on 10 January 1969. *Reeder, supra,* at 12. The United States Court of Military Appeals affirmed the lower court's holding because the accused "was charged with a single absence without leave, and his statements during the plea inquiry established that two absences were involved.... Where one offense is charged but two are proved, only the one alleged [in the charge sheet] may properly be affirmed...." The facts in the case at bar are different; the difference warrants distinguishing *United States v. Reeder, supra.*

Fireman Apprentice Porter was charged with one specification of desertion, in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885. The desertion was alleged to have commenced on 16 June 1977 and terminated on 1 Novem-

ber 1980. He initiated a pretrial agreement in which he agreed to plead guilty to an unauthorized absence from 30 June 1977 until 1 November 1980. Among the terms was a provision that, upon completion of confinement, appellant would request, and the convening authority would grant, appellate leave, if a bad-conduct discharge were awarded. The only sentence limitation was an agreement to suspend any confinement in excess of two months. The convening authority approved the agreement.

At his special court-martial, before a military judge sitting alone, the appellant pled guilty to the lesser included offense of unauthorized absence commencing on 30 June 1977 *vice* 16 June 1977.

During the providence inquiry, the appellant was advised by the military judge that he could enter a "plea" to the "shorter period" (*i.e.*, from 16 June 1977 until 30 June 1977) and that the statute of limitations could be asserted as a bar to trial. (R. 8.) The appellant then specifically *waived* any right to assert a plea to the shorter period of time and reaffirmed his intent to plead guilty to an unauthorized absence from 30 June 1977 until 1 November 1980. The record of trial does indicate that there *was* an unauthorized absence which began on 16 June 1977, and was terminated on 30 June 1977. (R. 8, 11.)

The military judge found the accused, in accordance with his pleas by exceptions and substitutions, not guilty of desertion commencing 16 June 1977 but guilty of the lesser period of absence commencing 30 June 1977. (R. 16.)

In an unsworn presentencing statement, the accused stated he wasn't "suited" for the military and that he would just like to "go home." (R. 18.)

The military judge sentenced appellant to a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $150.00 per month for 5 months, and reduction to pay grade E–1. The convening authority, in accordance with the pretrial agreement, approved the adjudged sentence but suspended the confinement in excess of 2 months.

The inception date of an unauthorized absence can be modified. *Cf. United States v. Harris,* 21 U.S.C.M.A. 590, 45 C.M.R. 364 (1972). As a general rule, if two unauthorized absences are proven but only one is alleged, only the first of the two unauthorized absences may be affirmed. *United States v. Reeder, supra.*

Fireman Apprentice Porter, *unlike* Reeder, submitted a pretrial agreement wherein he *specifically* stated he would plead guilty to an absence beginning 14 days *after* the date alleged in the specification. The convening authority agreed, and they proceeded to trial on that basis. Consequently, unlike *United States v. Reeder, supra,* the parties were in agreement before trial, as to the offense to which the accused intended to plead guilty.

Further, Fireman Apprentice Porter, unlike the appellant in *United States v. Reeder, supra,* specifically waived any plea to the first and shorter period of unauthorized absence and reiterated his decision to plead to the second and longer period of unauthorized absence. Such a waiver, in *Reeder*-type cases, is permissible. *United States v. Brown,* 1 M.J. 937 (N.C.M.R. 1976).

Judge Chadwick, in *United States v. Miller,* 48 C.M.R. 446, 447 (N.C.M.R. 1973), noted:

A charge with its specification is not the same as an indictment with its strict limitation on substantive amendments. *United States v. Johnson,* 12 USCMA 710, 31 CMR 296 (1962). Military pleading is more in the nature of an information and can be amended at trial provided the accused is not prejudiced. We are no longer bound by the rigors of common law pleading.

It is clear that the appellant was not misled or prejudiced. The overall approach of the defense appeared to be to obtain a bad-conduct discharge but with as few other sanctions as possible attached to it.

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge BOHLEN and Judge MALONE concur.