UNITED STATES, Appellee,

v.

**Private First Class Donald L. LEE, SSN 291–62–6262, United States Army, Appellant.**

**SPCM 16346.**

U. S. Army Court of Military Review.

8 April 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Edmund S. Bloom, Jr., JAGC, were on the pleadings for appellant.

Major John T. Edwards, JAGC, Major Michael L. DeBusk, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before JONES, GARN and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant maintains he raised a valid defense to absence without leave, thus making his plea of guilty improvident, when he testified in extenuation and mitigation that his car broke down as he left home for work and he couldn't report to his unit for almost two days.[1] We disagree and we affirm.

Notwithstanding the plain language of Article 86, Uniform Code of Military Justice,[2] absence without leave is not an offense of absolute liability. A defense of impossibility has been recognized, both in the case law and in the *Manual for Courts-Martial*. That defense is not new, as is shown by the following quote from Colonel W. Winthrop's Military Law and Precedents, 1920 Reprint:

> DEFENCE. It will be a good defence that the party, while absent on pass or furlough, was prevented from returning at the proper time by sickness or other disability, but to establish this excuse medical testimony will generally be required. That the accused was involuntarily detained by the force of the elements, the action of the civil authority, the operations of the enemy, or by being taken prisoner by the latter, may also constitute a valid defence; but where he has once deliberately absented himself without authority, the fact that he was detained away longer than he had intended by some agency beyond his control, will be no sufficient answer to the accusation. Winthrop at 608.

The current edition of the *Manual* includes the rule in paragraph 165, couched in terms of a member's absence "through no fault of his own." It continues the crucial distinction expressed by Colonel Winthrop between an impossibility arising while a member is in an authorized leave or pass status (a defense) and one arising after a member is in an unauthorized absence status (no defense).

The defense of impossibility immediately brings to mind illness or injury (*United States v. Amie,* 7 U.S.C.M.A. 514, 22 C.M.R. 304 (1957)), natural disasters, and the intervention of third parties (*United States v. Calpito,* 18 U.S.C.M.A. 450, 40 C.M.R. 162 (1969)), but even in those situations the defense may not be available if the illness or injury was self-induced (*United States v. Irving,* 2 M.J. 967 (A.C.M.R. 1976), *pet. denied,* 2 M.J. 197 (CMA 1977)), the natural disaster or occurrence foreseeable, or the intervention by third parties caused by the absentee's fault (*United States v. Myhre,* 9 U.S.C.M.A. 32, 25 C.M.R. 294 (1958)). Additionally, although the defense may be available initially it can be defeated by an absentee's lack of efforts to overcome the disability. *United States v. Bermudez,* 47 C.M.R. 68 (A.F.C.M.R.1973).

This Court has been wary of the defense of impossibility in those situations where the inability to return arose from something as commonplace as car trouble. In the cases of *United States v. Scott,* 9 C.M.R. 241 (A.B.R.1952) and *United States v. Kessinger,* 9 C.M.R. 261 (A.B.R.1952), the Court determined that the defense was not even raised by the evidence, apparently because the service members did not proceed immediately to their units after the transportation problems occurred.

In the instant case the appellant testified in extenuation and mitigation as follows:

> DC: Now you've already plead guilty to being gone at 0400 hours on the 26th of January, until approximately 2015 hours on the 27th of January. Can you explain to the Judge what circumstanc-

---

1. The appellant was convicted, in accordance with his pleas of guilty, of 46 day and 40 hour absences without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. We are concerned only with the 40 hour absence.

2. Article 86. Absence without leave.

Any member of the armed forces who, without authority—

(3) *absents himself or remains absent from* his unit, organization, or place of duty at which he is required to be at the time prescribed; shall be punished as a court-martial may direct.

es were behind your absence in that case?

ACC: Sir, on that particular date, at the time I owned a 1969 Chrysler New Yorker, I went out to get ready to come to work on the prescribed date and I had mechanical problems with my automobile. I called into base and they told me to get to base the best way I could, and I tried my best to make some kind of arrangements to come to base but I could not get a hold of anybody to where I could get transportation to the base, sir.

.     .     .     .     .

DC: Okay. And so you had difficulty obtaining a ride in or whatever? How did you finally get in?

ACC: The landlord that I had down there, sir, I got a hold of him late that evening and he brought me up to base, sir.

The appellant contends that this testimony raised the defense of physical impossibility, thereby requiring the judge to reopen the guilty plea inquiry, explain the defense, and clarify the apparent inconsistency. We disagree. This case is similar to *Kessinger.* This appellant dallied even longer in returning than did Lt. Kessinger. When a serviceman takes that long to get to work from his off-post residence after experiencing car trouble, either he lives an unreasonable distance away or he made no legitimate effort to get substitute transportation. In either event, he is at fault. Therefore, the defense was not raised and no further inquiry was required.

The findings of guilty and the sentence are affirmed. However, the application of the forfeitures is deferred until the sentence is ordered into execution.[3]

Judge HANFT concurs.

GARN, Judge, dissenting:

When the trial judge elicited the factual basis for the appellant's guilty pleas he asked a series of leading questions. With respect to the alleged absence from 26 until 27 January, he obtained the appellant's agreement that the appellant had "left" his unit without authority at about 0400 on the 26th and "stayed gone" until 2015 on the 27th.

During the sentencing phase of the trial the appellant testified, under oath, that he was absent at four o'clock on the morning of 26 January 1981 because he had mechanical problems with his car, and was unable to find another means of transportation from his off-post residence to his place of duty. The appellant also testified that his landlord gave him a ride to his unit "late that evening" (impliedly on 26 January) and that he then reported to his superiors.

Had the appellant left his unit without authority, as he indicated in response to the trial judge's leading questions during the providence inquiry, there would be no question about the providence of his plea and his guilt. However, his testimony, and other evidence in the case, clearly indicates that he was authorized to be at his off-post residence until 0400 on the 26th of January, when he was to report to a mess hall for duty as a cook.

Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, "is designed to cover every case not elsewhere provided for. in which any member of the armed forces is *through his own fault* not at the place where he is required to be at a prescribed time." Paragraph 165, *Manual for Courts-Martial,* United States, 1969 (Revised edition) (emphasis added). Physical inability to return from an authorized absence is a defense to a charge of unauthorized absence, *United States v. Amie,* 7 U.S.C.M.A. 514, 22 C.M.R. 304 (1957), and, unless the inability is "through his own fault", *United States v. Myhre,* 9 U.S.C.M.A. 32, 25 C.M.R. 294 (1958), a member who is unable to rejoin his unit at a prescribed time is not guilty of the criminal offense of absence without leave. *See* paragraph 165, *Manual, supra.*

___

3. The convening authority applied the forfeitures to pay becoming due on and after the date of his action, but that was error because no confinement was adjudged.

Physical inability is not always susceptible of precise definition. *See United States v. Heims,* 3 U.S.C.M.A. 418, 12 C.M.R. 174 (1953). Perhaps the appellant could have walked to work, although it appears that his residence may have been about fifty miles from his place of duty. Perhaps public transportation was available, but we don't know. In any event, whether the appellant's absence was his "fault", which is equally difficult to define, is the underlying issue. The appellant's inability to get to his place of duty at the time prescribed, assuming he was unable, may have been his fault. Perhaps he should have foreseen that his car would not operate and made alternate arrangements. Perhaps he did not make reasonable attempts to find alternate means of transportation, although he testified "I tried my best . . . ." Perhaps, and probably, the appellant could have returned to his unit sooner than he did, but in view of his testimony that he returned "that night" and all the other unanswered questions, determination of when the unauthorized absence was "through his own fault" and when it terminated are matters left for speculation.

When an accused raises a matter inconsistent with his plea of guilty, his plea of guilty must be rejected. Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845. When an accused's testimony suggests a possible defense, the trial judge should explain that defense to the appellant and ascertain that the defense is not in fact applicable; otherwise he should reject the plea of guilty. *See United States v. Jemmings,* 1 M.J. 414 (CMA 1976) and *United States v. Calpito,* 18 U.S.C.M.A. 450, 40 C.M.R. 162 (1969).

The majority opinion overlooks the provisions of Article 45 of the *Code* and the principles expressed in *United States v. Jemmings, supra.* Furthermore, that opinion ignores the appellant's testimony indicating that he returned to his unit on 26 rather than 27 January.

The "car trouble" cases cited by the majority are inapposite, or at least easily distinguishable. In *United States v. Scott,* 9 C.M.R. 241 (A.B.R.1952) the appellant had been absent without authority for a day before his return was delayed by his helping someone else who had been involved in an automobile accident. In *United States v. Kessinger,* 9 C.M.R. 261 (A.B.R.1952) the board of review concluded that, because the appellant chose to remain with his car while it was being repaired, his unauthorized absence was to suit own convenience rather than the result of his inability to return. And, because both cases were not guilty plea cases, the provisions of Article 45 and the principles of *Jemmings* were not applicable.

Finally, the majority concludes that the appellant was at fault either because he lived "an unreasonable distance away or he made no legitimate effort to get substitute transportation." The latter alternative basis was negated by the appellant's unrebutted testimony. The majority's implication that a soldier who doesn't get from his residence to his place of duty at the time prescribed because his car won't start is guilty of the crime of unauthorized absence practically ignores the concept of fault. The Army encourages married persons with families to serve. The Army is unable to provide residences for many soldiers with families. Those soldiers must find affordable housing wherever they can and make their own arrangements for transportation between their homes and places of duty. Unless they have the rare good fortune of having access to public transportation, usually they must drive their own cars from their homes to their places of duty. Cars sometimes malfunction unexpectedly. To hold a soldier criminally liable because he doesn't have an alternate means to insure that he can get to his place of duty on time when his car is unexpectedly inoperable is unrealistic, unreasonable, and disturbing.

The appellant's testimony raised the possible defense of physical inability, at least with respect to the inception of the unauthorized absence charged in Specification 2 of the Charge, and apparently was inconsistent with the alleged duration of that unauthorized absence. The trial judge nei-

ther explained the possible defense nor clarified the apparent inconsistency. Accordingly, I cannot join in affirming the finding of guilty of Specification 2 of the Charge.