**UNITED STATES**

v.

**Sergeant Leonard J. MAYDWELL, FR 311–76–7223 United States Air Force.**

**ACM S27130.**

U.S. Air Force Court of Military Review.

6 Nov. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Michael D. Wims.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel Willaim H. Seckinger, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A military judge, sitting alone as a special court-martial, convicted the appellant

of two uses of cocaine, three failures to go to his appointed place of duty, and breaking restriction. The appellant pleaded guilty to all the charges of which he was found guilty, and agreed to a stipulation of fact which admitted all the elements of those offenses. Now he asserts that his plea to the first failure to go offense was improvident. We agree.

During the plea inquiry the appellant explained to the judge that for some time before the offense he had been suffering from insomnia. On the day of the offense he had not fallen asleep until 0400, although he was due to report to work at 0730. When his wife saw he was sleeping for the first time in "a while" she turned off the alarm and he slept until shortly before his first sergeant arrived at his quarters at 1630 that afternoon.

The Manual for Courts-Martial states that Article 86, U.C.M.J., 10 U.S.C. § 886, is "designed to cover every case not elsewhere provided for in which any member of the armed forces is through the member's own fault not at the place where the member is required to be at a prescribed time". MCM, Part IV, para 10c(1) (1984).

The discussion of Article 86, U.C.M.J., in the Manual for Courts-Martial includes a paragraph on the effect on the offense of absence without leave of an inability to return to duty. Of particular interest to this case is the last sentence which states, "When, however, a person on authorized leave, without fault, is unable to return at the expiration thereof, that person has not committed the offense of absence without leave." MCM, Part IV, para 10c(6) (1984).

Interpreting a similar provision in the Manual for Courts-Martial, 1969 (rev.), The Court of Military Appeals cautioned that when "analyzing the facts surrounding a failure to return from an authorized absence, the phrase in the Manual provision 'through no fault of his own' should not be treated lightly". *United States v. Lee,* 16 M.J. 278 (C.M.A.1983). The Court then discussed situations where a failure to return might be excused. They said:

The courts have rather strictly construed the defense of impossibility to include only those cases in which the absence truly was, as a practical matter, for a reason which was out of the accused's hands. While it may apply to situations involving illness or injury (*United States v. Amie,* 7 U.S.C.M.A. 514, 22 C.M.R. 304 (1957)), natural disasters, or the intervention of third parties (*United States v. Calpito,* 18 U.S.C.M.A. 450, 40 C.M.R. 162 (1962)), it may not be available even in those situations where, for instance, the illness or injury was self-induced (*United States v. Irving,* 2 M.J. 967 (A.C. M.R.1976), *pet. denied,* 2 M.J. 197 (C.M. A.1977)), the natural disaster or occurrence was foreseeable, or the intervention by third parties was caused by the accused's fault (*United States v. Myhre,* 9 U.S.C.M.A. 32, 25 C.M.R. 294 (1958)).

We need not, and do not, decide whether, in the context of this case, the appellant's wife's action constituted a legal excuse for his absence. What we must determine is whether the military judge was correct in accepting the appellant's guilty plea to the specification concerned.

Article 45(a), U.C.M.J., 10 U.S.C. § 845(a), sets out the circumstances for rejecting a guilty plea:

If an accused after arraignment makes an irregular pleading, or after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty.

The effect of possible defenses on a guilty plea is also mentioned in the discussion of R.C.M. 910(e). It states:

If a potential defense is raised by the accused's account of the offense or by other matters presented to the military judge, the military judge should explain such a defense to the accused and should

**658**

not accept the plea unless the accused admits facts which negate the defense.

In evaluating the providence of a guilty plea we must accept the appellant's testimony at face value. *United States v. Jemmings,* 1 M.J. 414 (C.M.A.1976). Viewed in that light, his testimony raises sufficient question about the existence of a defense that it was improper to accept his plea without extensively exploring the facts surrounding the possible defense.

Like the court in *Lee,* we conclude that little would be gained by authorizing a rehearing on this one specification. Accordingly, in the interest of judicial economy, we will set aside and dismiss Charge II and its specification. Having reassessed the sentence, we are convinced the sentence is appropriate in relation to the affirmed findings of guilty and is no greater than that which would have been imposed if the prejudicial error had not been committed. *United States v. Sales,* 22 M.J. 305 (C.M.A.1986). Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.