UNITED STATES, Appellee,

v.

Private First Class Jeffrey T. SPRAGUE, 502–94–0861, United States Army, Appellant.

ACMR 8700203.

U.S. Army Court of Military Review.

30 Dec. 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Richard Parker, JAGC (on brief).

Before FELDER, GILLEY and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the military judge sitting as a special court-martial found the appellant guilty of two specifications of absence without leave [AWOL] and one specification of wrongful appropriation of a fellow soldier's automobile, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921 (1982), respectively. The convening authority approved the sentence of a bad-conduct discharge, confinement for three months, forfeiture of $438.00 pay per month for three months, and reduction to Private E-1.

### I.

Appellant contends first that his conviction of the second AWOL should be set aside because the military judge did not inquire adequately into the defense of physical inability to return to military control. We disagree.

### A.

During the providence inquiry, appellant testified that while on regular pass after normal duty hours on 8 January 1987, he was arrested by civilian police off-post. A warrant for his arrest had been issued because he had not met an obligation he made to a civilian judge four months earlier to pay a $400.00 rent arrearage over four months instead of being confined at that time. Appellant acknowledged to the military judge that he owed the debt, knew he would go to jail if he did not meet this payment plan, expected arrest at some point for not meeting the payment plan, and failed to make arrangements he could have made early enough to avoid incarceration. When he paid the debt on 15 January 1987, he was released from confinement without trial and returned to his military unit.

The military judge described to the appellant the defense of physical inability to return to one's unit when a soldier is incar-

cerated, but, as here, not convicted by a civilian court. At the end of a lengthy colloquy, this exchange occurred:

> MJ: You're convinced—are you convinced in your own mind that that period of absence from the 8th to the 15th was because of your own fault?
>
> ACC: Yes, your Honor. I believe it was my fault.

### B.

■ Absence without leave can occur even though a civil incarceration did not result in a conviction for misconduct. The Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], Part IV, paragraph 10c(5), provides pertinently:

> If a member is released by the civilian authorities without trial, and was on authorized leave at the time of arrest or detention, the member may be found guilty of unauthorized absence only if it is proved that the member actually committed the offense for which detained, thus establishing that the absence was the result of the member's own misconduct.

This rule could be read not to permit the conviction to be upheld in this case because the conduct for which he was detained may not have been an "offense." In *United States v. Myhre*, 25 C.M.R. 294 (C.M.A. 1958), the appellant's absence because of incarceration resulted from an adverse juvenile adjudication. The Court of Military Appeals held that regardless of whether that was a "conviction," it would look to the "character of his absence" to see whether the absence was "through his own fault." That court found the apprehension and detention resulted from the accused's willful and deliberate misconduct before his leave expired and, accordingly, he was absent without leave. Likewise here, the appellant knew he had to pay the rent arrearage in four months or go to jail.

■ Further, the Court of Military Appeals has strictly construed the defense of inability to return to military control. In *United States v. Lee*, 16 M.J. 278 (C.M.A. 1983), the court stated that the absence is excused for inability only if it is for "a reason which was out of the accused's hands." The *Myhre* case was described in *Lee* as finding "the intervention by third parties was caused by the accused's fault." *Id.* at 280–281. Accordingly, we find that M.C.M., 1984, Part IV, paragraph 10c(5) should not be read to excuse an absence based on an arrest for failure to meet a civil obligation not resulting in a conviction. The accused's incarceration was his own fault.

### C.

■ When the defense of inability to return to duty arises as an issue during a providence inquiry, the record must show "whether the appellant's failure to return was truly 'through no fault of his own.'" *See United States v. Lee*, 16 M.J. at 281. Recently, this court held that when the accused's comments "reasonably [raise] a possible defense, the military judge must explain the elements of the defense to the accused." *United States v. Johnson*, 25 M.J. 553, 554 (A.C.M.R.1987). We view *Lee* and *Johnson* to require the military judge to develop the matter thoroughly on the record to ensure that the accused knows of and understands the defense. In order to "explain the elements of the defense," however, the military judge need not recite its elements verbatim or present to the accused instructions on the affirmative defense. It has long been established that it is not necessary in the course of a providence inquiry that the military judge delineate the elements in any stylized format so long as his advice and questioning of appellant makes clear all of the elements. *Cf. United States v. De Los Santos*, 7 M.J. 519, 521 (A.C.M.R.1979) *citing United States v. Kilgore*, 44 C.M.R. 89 (C.M.A. 1971).

■ In this case, the military judge explained the possible defense sufficiently. Appellant's testimony established that the inability to return to duty on 9 January 1987 was his fault and that he could have raised the $400.00 over the four months granted by the civilian judge. The trial defense counsel confirmed this understanding that the defense was not available by stating that Article 86 was violated "since it was due to [appellant's] own misconduct."

We find further that appellant's testimony was a sufficient means to prove that the absence occurred due to the appellant's own fault. The record established that he understood the defense of physical inability to return and that it would not apply to his case. When an accused pleads guilty, his testimony during the providence inquiry must be accepted at face value, and thereby will prove whether or not a defense applies. *United States v. Jemmings,* 1 M.J. 414, 418 (C.M.A.1976).

## II.

Appellant also asserts that the plea of guilty to AWOL from 8 to 15 January 1987 was improvident because he was on pass until 9 January 1987. We agree that he should not be considered guilty of AWOL on 8 January 1987 while he was on a regular pass. This contention, however, is without merit regarding the period of his incarceration, 9 through 15 January 1987. *United States v. Porter,* 12 M.J. 949, 951 (N.M.C.M.R.1982), *petition denied,* 14 M.J. 165 (C.M.A.1982); *United States v. Irving,* 2 M.J. 967, 969 (A.C.M.R.1976), *petition denied,* 2 M.J. 197 (C.M.A.1977). Nevertheless, there is no fair risk that a lesser sentence would have been adjudged had the appellant been correctly found guilty of a six, rather than a seven day AWOL. *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986).

Accordingly, only so much of the finding of guilty of the Specification of the Additional Charge is affirmed as finds the appellant did, on 9 January 1987 absent himself without authority from his unit as alleged, and did remain so absent until on or about 15 January 1987. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms the sentence.

Senior Judge FELDER and Judge ROBBLEE concur.