**UNITED STATES**

v.

**Willie D. URBAN, 458 33 5470,
Private First Class (E–2),
U.S. Marine Corps.**

**NMCM 96 00859.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 8 March 1996.

Decided 29 Nov. 1996.

LCDR Salvador A. Dominguez, JAGC, USNR, Appellate Defense Counsel.

Maj Stephen P. Finn, USMC, Appellate Government Counsel.

Maj Steven P. Hammond, USMCR, Appellate Government Counsel.

Before DOMBROSKI, C.J., and LUCAS and OLIVER, JJ.

OLIVER, Judge:

A military judge serving as a special court-martial convicted the appellant, pursuant to his pleas, of a 2–day unauthorized absence and larceny of a set of stereo speakers, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921 (1994)[hereinafter UCMJ], respectively. The military judge sentenced appellant to 4 months confinement, reduction to the lowest enlisted pay grade, and a bad-conduct discharge. The convening authority approved the sentence as adjudged and, except for the bad-conduct discharge, ordered it executed. Pursuant to a pretrial agreement, however, the convening authority suspended all confinement in excess of 75 days for 12 months from the date of his action. We find merit in the appellant's single assignment of error;[1] we grant appropriate relief in our decretal paragraph.

**Improvident Plea to the Article 86, UCMJ, Offense**

■ For the military judge to accept an accused's plea of guilty, the facts elicited from the accused must objectively support his plea. *United States v. Schwabauer,* 37 M.J. 338, 341 (C.M.A.1993). *See* Rules for Courts–Martial 910(e), Manual for Courts–Martial, United States (1995 ed.)[hereinafter

---

1. THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S GUILTY PLEA TO THE SPECIFICATION UNDER CHARGE I (UNAUTHORIZED ABSENCE) SINCE APPELLANT WAS GRANTED SPECIAL LIBERTY TO LEAVE HIS UNIT AND CIRCUMSTANCES BEYOND HIS CONTROL PREVENTED HIS RETURN. ■

R.C.M.]. To reject a guilty plea the record of trial must "show a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Vega,* 39 M.J. 79, 81 (C.M.A. 1994); *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991)(quoting *United States v. Logan,* 22 C.M.A. 349, 351, 47 C.M.R. 1, 3, 1973 WL 14641 (1973)). *See also* Article 45(a), UCMJ, 10 U.S.C. § 845(a) (1994).

■ The appellant contends that the factual circumstances which he related during the providence inquiry were insufficient to support a finding of guilty of unauthorized absence. He argues that he was granted special liberty to attend a civilian traffic court hearing and that circumstances beyond his control prevented him from returning to his unit before the expiration of liberty. Even though the underlying misconduct was his own wrongdoing, we conclude that he is correct on the law and is entitled to relief.

This case represents a· variation of the relatively common situation in which a servicemember on leave or liberty is held for committing an offense in the civilian community. *See United States v. Dubry,* 12 M.J. 36, 38 (C.M.A.1981); *United States v. Grover,* 10 C.M.A. 91, 27 C.M.R. 165, 1958 WL 3536 (1958); *United States v. Myhre,* 9 C.M.A. 32, 25 C.M.R. 294, 295, 1958 WL 3146 (1958); *United States v. Sprague,* 25 M.J. 743, 745 (A.C.M.R.1987). In the usual scenario, the servicemember fails to return to his unit before the expiration of his leave or liberty as a result of the apprehension and subsequent confinement. The Manual for Courts–Martial, United States (1995 ed.)[hereinafter MCM] has a brightline rule for most such situations. If the servicemember is subsequently convicted of the underlying offense (or it can be otherwise established that the member actually committed the offense), the absence is not excused and the Government can proceed to charge the accused for a violation of Article 86, UCMJ. Only if the member is acquitted of the civilian offense is the unauthorized absence excused. The relevant provision states: "The fact that a member of the armed forces is convicted by the civilian authorities ... does not excuse any unauthorized absence, because the member's inability to return was the result of willful misconduct." MCM, Part IV, ¶ 10c(5). The Manual's view is that the underlying criminal misconduct, which was within the member's control, was the cause of the unauthorized absence. *See Dubry,* 12 M.J. at 38.

Even though the appellant was convicted of the underlying offense, we conclude that the nature of this variation produces a different result. Under existing legal precedents, the appellant should not have been convicted of this unauthorized absence.

Congress and the Secretary of the Navy have directed that military commands cooperate with civilian authorities to help ensure that servicemembers stand trial. Article 14(a), UCMJ, provides for the delivery· of servicemembers "[u]nder such regulations as the Secretary concerned may prescribe ... to the civil authority for trial." 10 U.S.C. § 814(a)(1994). Chapter VI of the Manual of the Judge Advocate General incorporates this statute in the Navy and Marine Corps. Section 0611 provides, in pertinent part:

> [W]hen a member of the Navy or Marine Corps is arrested by Federal or State authorities and returns to his ship or station on bail, or on his own recognizance, the commanding officer, upon verification of the attesting facts, date of trial, and approximate length of time that should be covered by the absence, *shall grant liberty or leave* to permit appearance for trial, unless this would have a serious negative impact on the command.

Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7C of 3 Oct 1990, § 0611 (emphasis added).

In this case the appellant stated during the providence inquiry that his command had given him "special liberty to go take care of the business, sir, of my ticket, and when I went up there, sir, I had the intentions of going to take care of the ticket." Record at 15. The appellant and his command apparently assumed that he would be able to resolve his legal difficulties during that 1 day of special liberty. However, because of unanticipated legal complications, he was instead taken into civilian custody and confined for 2 days. Record at 16–17. After the appellant arranged for bond, his command contacted the civil authorities and apparently ac-

quiesced in his remaining in the area for a second hearing the following week. Record at 18–19.[2] At that hearing the civilian judge convicted him of the lesser offense of speeding (he was originally charged with driving under the influence). Record at 16–17. The appellant was sentenced to 2 days of "time served." Record at 20. The military judge obviously concluded that because the civil court eventually found appellant guilty of an offense which resulted in his confinement, his absence was caused by his own misconduct. The appellant's twice repeated agreement with the military judge's legal conclusion that such a fact pattern "constitutes unauthorized absence from your unit," Record at 17, 21, is not a "satisfactory resolution" of this apparent defense. *See United States v. Lee,* 16 M.J. 278, 282 (C.M.A.1983). Indeed, there was no inconsistency in the appellant's version of the facts which gave rise to this defense.

We note that none of the cases appellate counsel cite in their briefs answer the key question presented here. Although the applicable legal precedents are rather dated, the law is nonetheless clear. We have been able to find two relatively old cases from the Court of Military Appeals, *United States v. Williams,* 23 C.M.A. 223, 49 C.M.R. 12, 1974 WL 13991 (1974)(per curiam), and *United States v. Northrup,* 12 C.M.A. 487, 31 C.M.R. 73, 1961 WL 4529 (1961), which stand for the precise proposition presented here. In *Williams,* the appellant's commanding officer had authorized him to attend state court proceedings during which he was sentenced to be taken "from the courtroom to the County Jail." He pleaded guilty to a 9-month period of unauthorized absence for the time he was in prison. Citing *Northrup,* the Court of Military Appeals found the plea improvident and reversed the findings of guilty to this specification. *Williams,* 49 C.M.R. at 12.

In *Northrup,* the accused was involved in a disturbance of the peace while visiting Wilmington, North Carolina. A civilian complaint was filed against him and he returned to his unit. The accused's company commander granted him special liberty to defend himself in the Wilmington criminal court. After his guilty plea to the civil charge, he was sentenced to "60 days on the road." *Northrup,* 31 C.M.R. at 74. The accused's absence from the command while in civil confinement constituted the alleged Article 86, UCMJ, violation. The Court of Military Appeals in that case quoted paragraph 165 of the Manual for Courts–Martial, United States, 1951,[3] as follows:

> *A member of the armed forces turned over to the civil authorities upon request under Article 14 is not absent without leave while held by them under such delivery. . . . Where . . . a man on authorized leave is unable to return at the expiration thereof through no fault of his own, he has not committed the offense of absence without leave, there being an excuse for the absence in such a case.*

*Northrup,* 31 C.M.R. at 74 (emphasis supplied). The *Northrup* Court noted that the command did not formally turn over or deliver the member to the civilian authorities, but saw that as a distinction without a difference. "The fact that this accused, under the cited naval regulations, was granted special liberty rather than formally surrendered does not appear to constitute a distinction upon which criminal liability should be predicated." *Id.*

As in the present case, the Government in *Northrup* had relied upon *United States v. Myhre,* 9 C.M.A. 32, 25 C.M.R. 294, 1958 WL 3146 (1958). However, the Court pointed out the key difference which led to an opposite result in *Myhre:* "Here, before expiration of his leave, the accused voluntarily engaged in a prohibited act which resulted in his apprehension and detention by civilian authorities. It, therefore, was his own willful and deliberate conduct which led to the events which resulted in overstaying his leave. . . ." (Emphasis supplied.) *Northrup,* 31 C.M.R. at 74–75 (quoting *Myhre,* 25 C.M.R. at 295). "In short," the *Northrup* Court continued, "the *Myhre* case did not involve, as here, the timely return of the accused from his autho-

---

**2.** After taking a recess, the trial counsel proposed to amend the specification changing the termination date of the unauthorized absence from 11 January 1996 to 5 January 1996. Record at 19.

**3.** This paragraph is the precursor to MCM, Part IV, ¶ 10c(5).

rized absence and a subsequent grant of authority to present himself in court." *Northrup,* 31 C.M.R. at 75.

The *Northrup* Court also cited with approval the following language from the Coast Guard case of *United States v. Kuhn,* 28 C.M.R. 715, 1959 WL 3538 (C.G.B.R.1959): "It has long been the law that a member of the Armed Services turned over for prosecution to civil authorities is not liable on a charge of AWOL for the time held by them.... The rule which holds the accused AWOL for the period held in civil jail refers exclusively to the case where the accused is arrested, tried, sentenced, and confined without any interruption by a return to service jurisdiction. A return to the service breaks the chain of immediate causation between the civil misconduct and the military offense of AWOL." *Northrup,* 31 C.M.R. at 75 (quoting *Kuhn,* 28 C.M.R. at 716–17). *See also United States v. Clinkscales,* 45 C.M.R. 693, 696, 1972 WL 14283 (A.F.C.M.R.1972).

After a careful review of the record of trial and the legal authorities, we conclude that the appellant cannot be found guilty of an unauthorized absence as a result of a period spent in the hands of civil authorities when his appearance at the trial was with the knowledge and approval of his command. Therefore, we hold that the appellant's summary assignment of error has merit. We will provide appropriate relief in our decretal paragraph.

## Decision

We disapprove the finding of guilty to Charge I and the one specification thereunder. We affirm the remaining findings of guilty. As a result of our action on the findings, we have reassessed the sentence in accordance with the principles of *United States v. Peoples,* 29 M.J. 426, 428 (C.M.A. 1990), and *United States v. Sales,* 22 M.J. 305, 307–08 (C.M.A.1986). Having done so, we affirm the sentence, as approved on review below.

Chief Judge DOMBROSKI and Judge LUCAS concur.