UNITED STATES, Appellee,

v.

Private First Class Vincent D. MINOR,
SSN 415–08–5357, United States
Army, Appellant.

CM 439763.

U. S. Army Court of Military Review.

20 April 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain E. Scott Castle, JAGC, and Captain Gary D. Gray, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Paul G. Thomson, JAGC, and Captain Glenn D. Gillett, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas of guilty, the appellant was convicted of one specification of rape and two specifications of sodomy, in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 925 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for ten years, and partial forfeitures for ten years. The convening authority reduced the period of confinement and forfeitures to four years. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

The charges arose form an incident in which the appellant and a Specialist McCray raped a 16-year old German girl and forced her boyfriend to perform acts of sodomy upon her.

The appellant and McCray met the German couple, Brigitte S. and Harry T., in a night club and invited them to a party. Instead of going to a party, McCray drove into a wooded area, where he ordered Harry to have intercourse with Brigitte in the presence of himself and the appellant. When Harry balked, McCray made a threat and said he had a pistol. Harry continued to protest. McCray then ordered Harry to perform cunnilingus with Brigitte. The appellant repeatedly encouraged Harry to yield to McCray's demands. As Harry performed cunnilingus with her, the appellant fondled one of Brigitte's breasts.

Appellant and McCray then ejected Harry from the automobile. Each had intercourse with Brigitte against her will, and then McCray forced Brigitte to perform fellatio on him.

The appellant alleges that his guilty pleas to rape and to the sodomy committed by forcing Harry to perform cunnilingus were improvident. He does not contest the providency of his plea of guilty to committing sodomy by aiding and abetting McCray in the act of fellatio.

I

The appellant initially was charged with two specifications of rape, apparently on

the theory that he was the actual perpetrator of one act of rape (Charge I and its Specification) and that he aided and abetted McCray in a second act of rape (Additional Charge I and its Specification). When the military judge required the trial counsel to elect which specification he would prosecute, the trial counsel elected to proceed only with Additional Charge I and its Specification.

However, when the military judge explained the elements of rape and inquired into the factual basis for the plea of guilty, he elicited a factual basis for a rape in which the appellant was the perpetrator, not an aider and abettor. The appellant contends that his plea of guilty to the rape alleged in the Specification of Additional Charge I is improvident, because the military judge mistakenly inquired into the factual basis for the rape alleged in the specification of Charge I, which already had been dismissed. We find this contention without merit.

■ There is no requirement that the factual basis for a plea of guilty be established in conformity with the theory under which the prosecution would have proved its case in the absence of a guilty plea. The Specification of Additional Charge I alleges that the appellant, acting in conjunction with McCray, raped Brigitte S; it does not specify who aided and abetted whom. The military judge correctly explained all the elements of the offense of rape. The appellant's admissions during the providency inquiry clearly established a factual basis for his guilt as the perpetrator of the rape, acting with the assistance and encouragement of McCray. None of the appellant's responses were inconsistent with his plea of guilty.

The test for adequacy of the inquiry into the factual basis for a plea of guilty is not whether the factual predicate for the plea conforms to the prosecution's theory of the case; the test is whether "the inquiry of the accused indicates not only that the accused himself believes he is guilty but also that

the factual circumstances as revealed by the accused himself objectively support that plea...." *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A. 1980). We are satisfied that the appellant's plea of guilty to rape was provident, even though he pleaded guilty to being the perpetrator, contrary to the theory on which the government intended to prosecute, which would have portrayed McCray as the perpetrator and the appellant as an aider and abettor.

## II

■ The appellant contends that his plea of guilty to sodomy by forcing Harry to commit cunnilingus is improvident because the military judge failed to establish a factual basis for the plea. We disagree. The sodomy specification alleges that the appellant committed sodomy "by forcing Harry T... to commit sodomy upon Brigitte S..." (surnames deleted). The appellant denied "forcing" Harry to commit sodomy, but he readily admitted encouraging Harry to comply with McCray's demand that he commit sodomy with Brigitte in their presence. When the military judge asked the appellant whether his involvement was "that you encouraged him to perform the act in your presence...," the appellant answered in the affirmative.

The appellant's admissions leave no doubt that the sodomy was performed as a direct result of McCray's threat, reinforced by appellant's encouragement. By his actions the appellant made himself a party to the threat, and equally guilty with McCray, by helping McCray to overcome Harry's resistance in order to bring about the results which appellant admitted that he desired. Our conclusion is not changed by the appellant's reluctance to describe his actions as "forcing" Harry to commit the act, since the appellant readily admitted acts sufficient to impute the threat, although uttered by McCray, to the appellant as well.[1]

## III

■ The appellant also contends that he legally cannot be guilty of sodomy by aiding and abetting Harry because Harry

---

1. While we are satisfied that the appellant providently admitted forcibly causing the sodomy

to be committed by Harry, we note that there is ample factual basis for finding the plea provi-

was not subject to the Uniform Code of Military Justice. This contention is without merit. The amenability of the actual perpetrator to prosecution is not a requirement for criminal liability as an aider and abettor. The determinant is whether the act aided and abetted is an offense, not whether the perpetrator is subject to prosecution. *United States v. Michaels*, 3 M.J. 846, 849 (A.C.M.R. 1977); *United States v. Blevins*, 34 C.M.R. 967, 979 (A.F.B.R.), *pet. denied*, 15 U.S.C.M.A. 669, 35 C.M.R. 478 (1964).

 Furthermore, it is legally possible for the appellant to be guilty, of sodomy by forcing Harry to commit the act even if Harry, lacking any *mens rea*, was completely innocent of any crime. While in every crime there must be both an illegal act and the requisite *mens rea*, it is not necessary that the *mens rea* always reside in the person who does the forbidden act. When, as in this case, the innocent party is caused to commit the forbidden act by another, the *mens rea* prerequisite to commission of the crime may be provided by the person who willfully causes the innocent party to commit the illegal act. In such a case only the person who willfully causes the forbidden act to be done is guilty of the crime. *United States v. Lester*, 363 F.2d 68, 73 (6th Cir. 1966), *cert. denied*, 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967). *See United States v. Kelley*, 395 F.2d 727 (2d Cir.), *cert. denied* 393 U.S. 963, 89 S.Ct. 391, 21 L.Ed.2d 376 (1968); *cf. Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954) (conviction of mail fraud upheld, even though the items were actually placed in the mails by innocent party who was unaware of fraudulent scheme).

### IV

 One additional aspect of the providency inquiry requires discussion. While

dent on the basis of causing the offense to be committed by "encouraging" Harry to perform the act. *See* Article 77, Uniform Code of Military Justice, 10 U.S.C. § 877 (1976); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 156.

explaining the elements of the offense of sodomy, the military judge described sodomy as "unnatural carnal copulation," which he further defined as penetrating "an opening in her body with your sexual organ but the opening was not in fact her sexual organ." However, the military judge did not explain that cunnilingus, the act committed in this case, also constitutes sodomy. *See United States v. Harris*, 8 M.J. 52 (C.M.A.1979).

However, even though the military judge's explanation of the elements of sodomy was incomplete, we do not believe that his failure to explain that cunnilingus constitutes "unnatural carnal copulation" was fatal. The appellant described and admitted acts constituting sodomy and was willing to plead guilty based on those facts. Generally, the failure to fully define one term does not, of itself, render a plea of guilty improvident. *See United States v. Grecco*, 5 M.J. 1018 (C.M.A. 1976) (mem.); *United States v. Jeffers*, 47 C.M.R. 803 (N.C.M.R. 1973). Since the appellant unequivocally admitted acts which were included within the language of the specification and which constitute sodomy, we are satisfied that the incomplete definition of "unnatural carnal copulation" did not render the plea improvident. *See United States v. Davenport*, 9 M.J. 364 (C.M.A. 1980).

The findings of guilty and the sentence are affirmed.[2]

Senior Judge FULTON and Judge CLAUSE concur.

2. The convening authority's action purported to apply the forfeitures to "pay and allowances becoming due on and after the date of this action." Partial forfeitures involve only pay, not allowances. The partial forfeitures approved here apply to pay becoming due on and after the date of the convening authority's action.