**UNITED STATES, Appellee,**

v.

**Sergeant Thomas E. JOHNSON, Junior, SSN 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, United States Army, Appellant.**

**SPCM 15633.**

U. S. Army Court of Military Review.

23 Nov. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Elliot J. Clark, Jr., JAGC, and Major Linus Johnson, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Paul K. Cascio, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant entered a plea of guilty to seven specifications alleging use, possession, and sale of marihuana (hashish) in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, but the trial judge rejected the plea because the appellant declined to name his drug supplier. The appellant alleges the judge abused his discretion and we agree.

During the course of the guilty plea inquiry, the trial judge asked the appellant to

name his supplier but the appellant responded that he did not wish to divulge the name because he feared personal harm. The judge replied that that was "the price of proving your sincerity in providency [sic]." The judge went on to explain that he (the judge) had to insure that the appellant had knowingly and consciously possessed the contraband, to which the defense counsel argued that the identity of the supplier was not necessary.[1] The appellant then declined to meet the judge's condition for accepting the plea and changed his plea to one of not guilty.

■ The limitations placed upon the acceptance of an accused's plea of guilty are found in Article 45 of the *Code*, 10 U.S.C. § 845. A plea of guilty may not be accepted to an offense for which the death penalty may be adjudged, and it may not be accepted if the accused sets up matters inconsistent with his plea, enters the plea improvidently, or does not understand the meaning and effect of the plea. Determining whether one of the latter three conditions exists is often difficult. The trial judge has wide discretion in making that decision but his exercise of discretion will be subject to review. He may not act arbitrarily. *United States v. Williams*, 43 C.M.R. 579 (ACMR 1970); *United States v. Perez*, 43 C.M.R. 649 (ACMR 1970); *United States v. Chandler*, 26 C.M.R. 619 (ABR 1958). *Cf. United States v. Kazena*, 11 M.J. 28, 32 (CMA 1981). But *see United States v. Scarbrough*, 28 C.M.R. 527 (ABR 1959).

■ We conclude that the trial judge acted arbitrarily in imposing an unnecessary condition on acceptance of the plea. Although rooting out drug traffickers is a desirable end, the judge's contribution to that goal is in conducting a fair trial and imposing sentence. He is not an investigative agency. The imposition of conditions should be left to others.

■ Although the trial judge's abuse of discretion in refusing to accept appellant's plea of guilty was error, we find no prejudice to appellant. The convening authority, upon the recommendation of his staff judge advocate, gave appellant the benefit of his plea bargain agreement.

■ One other matter warrants discussion and that concerns the method of charging the possession offenses. In three separate specifications, the appellant was charged with possessing 2 grams, 2.74 grams, and a residue of marihuana at precisely the same time, date, and place.[2] This was but one possession. As no exigencies of proof existed, the multiplication of charges was unreasonable. Paragraph 26b, *Manual for Courts-Martial*, United States, 1969 (Revised edition); *United States v. Griffin*, 8 M.J. 66 (CMA 1979); *United States v. Mosely*, 1 M.J. 350 (CMA 1976); *United States v. Hughes*, 1 M.J. 346 (CMA 1976); *United States v. Williams*, 18 U.S.C. M.A. 78, 39 C.M.R. 78 (1968). We will correct the error by dismissing two of the specifications at this time.[3]

■ We find no prejudice to appellant on the sentence from this error in charging because the trial judge advised the members that the offenses were multiplicious and because the convening authority reduced the sentence. We see no reasonable possibility that appellant was prejudiced on findings either. The multiplication of charges did not depict him as a "bad man" and the evidence of guilt was compelling.

1. The defense counsel also indicated that identifying the supplier might raise a conflict of interest because he represented several soldiers involved in the drug milieu. At a later session of the trial, the defense counsel stated that he did in fact represent the supplier but that no conflict existed. The military judge inquired into the issue, advised the appellant, and the appellant desired to proceed with the defense counsel.

2. The third possession is charged as possessing a smoking device containing marihuana residue. It is not clear whether the gist of this charge is possessing the smoking device, the residue of marihuana, or both.

3. The finding of guilty of the specification alleging the possession of the smoking device containing a residue of marihuana also has to be set aside because the military judge did not instruct the court-members on the elements of that offense.

The findings of guilty of Specifications 6 and 7 of the Charge are set aside and those specifications are dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge GARN and Judge HANFT concur.