UNITED STATES, Appellee,

v.

Private (E-1) Timothy A. AUMAN, SSN
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, United States
Army, Appellant.

SPCM 16805.

U. S. Army Court of Military Review.

30 July 1982.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Major Raymond C. Ruppert, JAGC,
Major Robert C. Rhodes, JAGC, and Cap-
tain Michael T. Kelly, JAGC, were on the
pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T.
Edwards, JAGC, and Captain Paul K. Cas-
cio, JAGC, were on the pleadings for appel-
lee.

Before O'DONNELL, FOREMAN and
WERNER, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

The appellant was charged with larceny
of $290.00 from a fellow soldier. He at-

tempted to plead guilty to wrongful appropriation but his plea was rejected by the military judge. The appellant was convicted of the larceny and sentenced to a bad-conduct discharge, confinement at hard labor for six months, partial forfeitures for six months, and reduction to the lowest enlisted grade, all of which were approved by the convening authority.

The appellant now contends that his fifth amendment right to due process was violated by the "cursory, superficial and capricious" inquiry into the factual predicate for the proffered guilty plea. We find his contention without merit.

There is no absolute constitutional right to plead guilty. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); *North Carolina v. Alford,* 400 U.S. 25, 38 n. 11, 91 S.Ct. 160, 168 n. 11, 27 L.Ed.2d 162 (1970); *Lynch v. Overholser,* 369 U.S. 705, 719, 82 S.Ct. 1063, 1072, 8 L.Ed.2d 211 (1962); *United States v. Matthews,* 13 M.J. 501, 514 (A.C.M.R. 1982). A military judge may not accept a plea of guilty if the accused sets up matters inconsistent with the plea or appears not to understand its meaning and effect. Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845 (1976); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 70. Where intent is pertinent, as in this case, the military judge must inquire into what the accused intended and should reject the plea if he cannot elicit the accused's admission that he entertained the requisite intent. *See United States v. Care,* 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). On the other hand, arbitrary rejection of a guilty plea may constitute an abuse of discretion. *United States v. Johnson,* 12 M.J. 673 (A.C.M.R. 1981); *United States v. Williams,* 43 C.M.R. 579, 582 (A.C.M.R. 1970); *United States v. Gaskins,* 485 F.2d 1046, 1048 (D.C. Cir. 1973).

We find no abuse of discretion in this case. The military judge made a reasonable effort to establish a factual predicate for the plea and gave the appellant ample opportunity to admit the essential elements of the offense. However, the appellant stated that he did not remember taking the money, that he was "not satisfied (he) took the money," that he "didn't mean to take the money," that he "didn't know when (he) got the money," and that he "had no intent with the money at all." Far from being cursory, the inquiry into the appellant's intent consumes nine pages of the record, during which the appellant failed to admit the essential element of an "intent to deprive" the victim of his money, either permanently or temporarily.

The appellant also contends that he was deprived of his sixth amendment right to meaningful assistance of counsel because the military judge refused to allow the trial defense counsel to explain the military judge's questions to the appellant. The necessary admissions of guilt and the factual predicate for a guilty plea must be elicited from the accused, not his counsel. Nothing in the sixth amendment requires a military judge to interrupt the plea inquiry to enable counsel to coach his client. While it would have been permissible for the military judge to allow further consultation between the appellant and his counsel, it was not an abuse of discretion to foreclose any further inquiry concerning the plea of guilty, in view of appellant's numerous statements inconsistent with guilt.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge WERNER concur.