**UNITED STATES**

v.

**Jay L. BOBROFF, 585 80 9545 Postal Clerk Seaman (E–3), U.S. Navy.**

**NMCM 86 2540.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 9 Jan. 1986.

Decided 9 Feb. 1987.

LCDR ROBERT J. SMITH, JAGC, USN, Appellate Defense Counsel.

LT J. CUNYON GORDON, JAGC, USN, Appellate Defense Counsel.

LT AARON SANTA ANNA, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, C.J., and RILEY and GRANT, JJ.

RILEY, Judge:

The appellant in this special court-martial was charged with numerous drug, related offenses, communicating threats, obstructing justice, and soliciting perjury, in violation of Articles 112a and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934. He providently entered guilty pleas to two specifications of using marijuana. Contrary to his pleas, he was also found guilty by the military judge at this bench trial, of five separate marijuana distributions and communicating a threat to the same person twice. He was acquitted of the allegations of obstructing justice and soliciting perjury. He was sentenced to confinement for 100 days, fined $500.00, and to be separated from the service with a bad-conduct discharge. The convening authority approved the sentence as adjudged.

The two assignments of error in this case stem from an unusual turn of events immediately after arraignment. At that time, the appellant tried to plead guilty to the five specifications alleging marijuana distributions. The specifications were legally sufficient, alleging the essential elements of the offense. The first specification read as follows:

In that Postal Clerk Seaman Jay L. Bobroff, U.S. Navy, on active duty, U.S. Naval Station, Guantanamo Bay, Cuba, did, at U.S. Naval Base, Guantanamo Bay, Cuba, during the month of May 1985, wrongfully distribute some amount of marijuana.

The other specifications were identical except for the dates of the offenses. The military judge would not accept the guilty pleas when it was learned that the factual basis upon which the appellant was relying to establish his guilt had nothing to do with the prosecution's theory of the case. Essentially, the appellant was willing to admit that on five separate occasions, within the parameters of the pleadings, he did distribute marijuana by his single act of passing a marijuana joint from himself to another during one of his many smoking sessions. The prosecution, on the other hand, insisted that the evidence which was the foundation for the pleadings would show that the distributions were in fact transfers of marijuana for money to fellow servicemembers, and were completely unrelated to the appellant's factual scenario.

After arraignment, the Government was allowed to amend the specifications in question so that typically they would now read:

In that Postal Clerk Seaman Jay L. Bobroff, U.S. Navy, on active duty, U.S. Naval Station, Guantanamo Bay, Cuba, did, at U.S. Naval Base, Guantanamo Bay, Cuba, during the month of May 1985, wrongfully distribute some amount of marijuana, by transferring an amount of marijuana to PCSN [O], USN, in exchange for money.

Since the amended specifications no longer resembled the appellant's admitted conduct, he felt compelled to, and did, enter not guilty pleas to the specifications alleging distribution.

Before this Court, the appellant raises the following assignments of error:

I

THE TRIAL JUDGE ERRED BY REFUSING TO ACCEPT APPELLANT'S GUILTY PLEA TO THE CHARGES OF DISTRIBUTION OF MARIJUANA AS ORIGINALLY ALLEGED, WITHOUT CONDUCTING AN INQUIRY INTO THE FACTUAL BASIS OF THE PLEAS.

II

THE TRIAL JUDGE ABUSED HIS DISCRETION BY ALLOWING THE GOVERNMENT TO AMEND THE SPECIFICATIONS OF MARIJUANA DISTRIBUTION AFTER ARRAIGNMENT, WHERE THE CHANGES WERE NOT MINOR AND APPELLANT OBJECTED.

We reject both assignments of error and affirm.

◼ Although an accused has no constitutional right to plead guilty, Article 45, UCMJ, 10 U.S.C. § 845, sets forth his statutory right to offer such a plea. When such a plea is tendered by an accused, and a factual basis for it is established during the providence inquiry, the military judge is normally required to accept it. He may not reject it arbitrarily or without good cause. *United States v. Auman*, 14 M.J. 641 (ACMR 1982); *United States v. Johnson*, 12 M.J. 673 (ACMR 1981). Apparently, in this case, due to the appellant's extensive criminal drug activities, he was able to reach into his bag of "crimes committed" and pull out ones which would technically suffice to establish his guilt under the broad language of the pleadings. Although some case law [1] could be cited for a contrary view, we do not believe that Seaman Bobroff should be permitted to do this, primarily because: (1) He had always been aware of the Government's theory of the case and the evidence they intended to present against him; (2) He had never been mislead; (3) When offered an opportunity for a continuance, it was rejected. Under the circumstances it is not unfair to ask him to defend against that which he was

---

1. *United States v. Minor,* 11 M.J. 608, 610 (ACMR 1981), is distinguishable because it involved an actual perpetrator versus an aider and abettor theory of the case.

aware was coming. Likewise, the appellant's protestations that his being forced to forego guilty pleas has denied him the right to appear in court as a contrite sinner who has taken the first step toward rehabilitation fall on deaf ears. The military judge had good cause to reject the pleas.

The more troublesome aspect of this case involves the post-arraignment amendment of the specifications. Rule for Courts-Martial (R.C.M.) 603 permits minor changes in the charges and specifications at any time before findings are announced if no substantial right of the accused is prejudiced. It also prohibits any major changes to the charges or specifications after referral, over the appellant's objection, unless the preferral process is reinstituted. Thus, we must determine whether the amendments were major or minor, and if there was prejudice. R.C.M. 603 sets forth examples of types of amendments which can be considered "minor." Specifically excluded therefrom are amendments which "add a party, offense, or substantial matter ... or which are likely to mislead...." This is also consistent with Federal Rule of Criminal Procedure 7(e) which allows amendments which do not add new or different offenses or which prejudice the substantial rights of the accused.

■ We consider the amendments in this case to be minor. The additional language does not create a new offense; it only makes the original more definite and particular. It supplied that type of information which would normally be forthcoming in a bill of particulars. There is no chance the appellant was misled since he had long been aware of the evidence against him through the pretrial discovery process. Further, appellant's assertion to the contrary, neither the fact that the distributions were to specific individuals, nor the fact that they were in exchange for money increased the seriousness of the offenses in terms of the appellant's potential liability.

Accordingly, the findings and sentence as approved on review below are affirmed.

The special court-martial order should be corrected to properly reflect that the appellant entered not guilty pleas to Specifications 1, 2, 3, and 6 of Charge I, and Additional Charge II and the Specification thereunder. We have considered the clemency petition.

Chief Judge GORMLEY concurs.

GRANT, Judge (concurring):

At trial the appellant adamantly insisted upon pleading guilty to the distribution offenses in Specifications 1, 2, 3 and 6 of Charge I and to the Specification of Additional Charge II, as renumbered, but would admit only that he gave the marijuana to the named individuals on various occasions in situations in which he also used the substance in a group setting. He would not acknowledge, as the Government charged, that he transferred the marijuana to the named individuals in exchange for money. The Government objected to the appellant's pleas of guilty and proffered it was prepared to present evidence that the appellant accepted money in exchange for distributing marijuana to the named individuals. Appellant claimed, on appeal, that whether or not money was exchanged was a matter in aggravation, and that he was prejudiced by virtue of not being able to argue the mitigating effect of pleading guilty during presentencing, citing *United States v. Johnson*, 1 M.J. 213 (C.M.A.1975), for the proposition that a guilty plea is recognized as a significant step toward rehabilitation, and Rule for Courts-Martial (R.C.M.) 1001(f)(1) as authority that a plea of guilty is a mitigating factor in sentencing.

The evidence is clear that the appellant was aware from the beginning that the Government's theory of the case included the aggravating factor that he received money in exchange for the marijuana distributed. In this regard, the offenses were properly modified at trial, over the appellant's objection, to include such aggravating matters. Furthermore, the appellant

presented his theory of the case on the merits, after his pleas were rejected by the trial judge, to no avail, as the trial judge entered findings of guilty in accordance with the Government's theory of the case. Under the circumstances, I cannot fathom how pleas of guilty premised upon a factual predicate proven to be untrue would in any way be representative of a first step toward rehabilitation. On the contrary, the rehabilitative effect of a guilty plea in *Johnson* is married to the further proposition that the individual has "recognized his wrong and is willing to admit it." 1 M.J. at 215. In the present case, the appellant, as a matter of fact, did not recognize the full import of his conduct, and to give him credit for pleas unrelated to the truth would render R.C.M. 1001(f)(1) meaningless.

The pleading process in the military is designed to be responsible to the truth, and I find no prejudice where the findings of the trial judge support a determination that the factual predicate underlying the appellant's proposed pleas existed only in his mind—not in fact. On the other hand, the Government may not defeat an attempt of an accused to plead guilty merely by modifying an offense to include aggravating matters inconsistent with the appellant's theory of the case, where the evidence would indicate there is a legitimate factual predicate for such pleas albeit not identical to that relied upon by the Government. *See United States v. Minor,* 11 M.J. 608, 610 (ACMR 1981), cited in footnote 1 of the lead opinion. In the present case, the appellant was seeking instant credibility by pleading guilty for the sole purpose of using his pleas during presentencing to defeat the Government's case in aggravation. Trial defense counsel admitted as much in arguing the legitimacy of his pleas of guilty. Such tactics are proper only when there is a real basis in fact for accepting such pleas, and not, as in the present case, where the procedure was a sham and designed to defeat the intent of R.C.M. 1001(f)(1).