UNITED STATES, Appellee,

v.

Staff Sergeant Sim L. JOHNSON, 239–82–3599, United States Army, Appellant.

ACMR 8700210.

U.S. Army Court of Military Review.

21 Oct. 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Stephanie C. Spahn, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before COKER, CARMICHAEL and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

CARMICHAEL, Judge:

Pursuant to his pleas, appellant was found guilty by a military judge sitting as a special court-martial of two specifications

of absence without leave and three specifications of dishonorable failure to pay debts. His sentence to a bad-conduct discharge and reduction to Private E–1 was approved by the convening authority.

Appellant contends and we agree that his pleas of guilty to the three specifications of failure to pay debts are improvident. We conclude that appellant's comments at trial set up matters inconsistent with his pleas which the military judge did not satisfactorily resolve. Once such inconsistent matters "reasonably [raise] the *question* of a defense ..., it [is] incumbent upon the military judge to make a *more* searching inquiry *to determine the accused's position on the apparent inconsistency with his plea of guilty.*" *United States v. Timmins,* 45 C.M.R. 249, 253 (C.M.A.1972) (emphasis added).

In conducting a providence inquiry, military judges should be guided, in part, by the following principles:

■ 1. An adequate factual basis for a plea of guilty must be developed on the record by the military judge through personal inquiry of the accused. *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969) The accused should be encouraged to give a narrative account of what occurred.

■ 2. If the accused's comments or any other evidence reasonably raises a possible defense, the military judge must explain the elements of the defense to the accused. This must be done even though the comments raising the defense are not deemed credible by the military judge.

*United States v. Lee,* 16 M.J. 278, 281 (C.M.A.1983) In this regard, the judge should specifically ask the accused whether he has reviewed the evidence with his counsel and determined that it is inadequate to afford him "an effective legal defense." *Cf. United States v. Timmins,* 45 C.M.R. at 253.

■ 3. If the accused subsequently does not negate the possible defense, or other evidence belies the negation of the defense, the military judge must withdraw the guilty plea, enter a plea of not guilty, and proceed to trial on the merits. *United States v. Jemmings,* 1 M.J. 414, 417–18 (C.M.A.1976); Uniform Code of Military Justice art. 45(a), 10 U.S.C. § 845(a) (1982).

■ 4. Since military appellate courts have adopted a liberal standard in determining when a defense is raised at trial, *cf. United States v. Goins,* 37 C.M.R. 396, 398 (C.M.A.1967), military judges should resolve any doubt concerning the existence of a possible defense in favor of the accused. In other words, a plea of guilty should not be accepted unless inconsistencies bearing on a possible defense can be satisfactorily resolved.[1]

■ In the instant case, comments by appellant during the providence inquiry and presentencing phase reasonably raised a question of whether the defense of financial inability was available to him. Although the military judge's providence inquiry may be fairly termed as extensive, it nevertheless failed to negate a possible defense.[2] Thus, appellant's conviction of the

1. A plea of guilty, however, may not be rejected arbitrarily. *United States v. Penister,* 25 M.J. 148, 152 (C.M.A.1987); *see United States v. Johnson,* 12 M.J. 673, 674 (A.C.M.R.1981) (requiring accused to name his drug supplier as a condition to the acceptance of his guilty plea constituted abuse of discretion), *petition denied,* 13 M.J. 239 (C.M.A.1982); *United States v. Auman,* 14 M.J. 641, 642 (A.C.M.R.1982) (no abuse of discretion in rejecting guilty plea where accused, after searching inquiry by military judge, failed to admit requisite intent), *petition denied,* 15 M.J. 92 (C.M.A.1983).

2. During the providence inquiry, appellant admitted that he had written personal checks on a closed bank account, but said that he did not know the account was closed when he wrote the

checks. Then, in response to a question from the military judge, appellant stated this situation could have resulted from a "mistake." Appellant also told the military judge that he did not pay his debts because he did not have the money to do so.

Subsequently, in an unsworn statement during the presentencing phase of the trial, appellant related that he had been reassigned from Germany to Fort Polk, Louisiana, after serving only eighteen months of a three-year, command sponsored tour. His American wife stayed in Germany. Appellant stated he had leased an apartment in Germany for a three-year period, and continued paying rent on the apartment while at Fort Polk. Since he lived in barracks at Fort Polk, he lost his Basic Allowance for

offenses of dishonorably failing to pay debts cannot stand.

The findings of guilty of the Additional Charge and its Specifications are set aside. The remaining findings of guilty are affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on the Additional Charge and its Specifications and the sentence. If the convening authority determines that a rehearing on that charge is impracticable, he will dismiss the Additional Charge and its Specifications and order a rehearing on the sentence only.

Senior Judge COKER and Judge KENNETT concur.

Quarters and his "separate rations." Appellant further stated his indebtedness problems did not begin until his reassignment from Germany, and that he had sold part of his furniture and his motorcycle in an effort to repay his debts. In our view, these matters were not sufficiently clarified at the trial's end to negate the possible defense of financial inability.