UNITED STATES, Appellee,

v.

**Private First Class Troy D. GUNTER, 246–55–5478, United States Army, Appellant.**

**ACMR 9300014.**

U.S. Army Court of Military Review.

29 June 1993.

For Appellant: Major James M. Heaton, JAGC, Captain Michael E. Smith, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before CREAN, WERNER and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Pursuant to his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, of absence without leave, failure to obey a lawful general regulation, wrongful appropriation, four specifications of larceny, and two specifications of forgery, in violation of Articles 86, 92, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 921, and 923 (1988) [hereinafter UCMJ]. The appellant was sentenced to a dishonorable discharge, confinement for twenty-eight months, forfeiture of all pay and allowances, and reduction to Private E1. In compliance with a pretrial agreement, the convening authority reduced the term of confinement to eight months, but otherwise approved the adjudged sentence.

On appeal, the appellant asserts that the military judge erred in accepting the pleas of guilty to the wrongful appropriation and larceny specifications because during the providence inquiry the military judge failed to adequately resolve the possible self-help defense for the collection of a debt. He also contends that his court-martial lacked jurisdiction because the military judge was designated in violation of the Appointments Clause of the United States Constitution and *Freytag v. Commissioner of Internal Revenue*, —— U.S. ——, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). We disagree with both assignments of error and affirm.

The appellant admitted taking five blank checks from Private E2 (PV2) W's checkbook and one blank check from Private First Class (PFC) H's checkbook and a car stereo belonging to PFC H without each owner's permission. With respect to PV2 W, the appellant forged PV2 W's signature to the five blank checks and cashed them in various amounts for a total of $595.00. The appellant also forged PFC H's signature to the single blank check and cashed it for $200.00. The stereo was valued at $230.00. The appellant indicated that the reason he took the checks and stereo was because PV2 W owed him "roughly" $595.00 and PFC H owed him approximately $369.00. The stipulation of fact indicated that both sides agreed that PFC H owed the appellant some money. It was silent on whether PV2 W owed the appellant any money. In his unsworn statement during the sentencing phase of trial, the appellant again reiterated that both PV2 W and PFC H owed him "some money."[1]

At the outset we note that Rule for Courts–Martial 916 [hereinafter R.C.M.] does not include the defense of self-help for the collection of a debt. We acknowledge, however, that this is a "special situation" defense that was developed by the Court of Military Appeals beginning with *United States v. Smith*, 2 U.S.C.M.A. 312, 8 C.M.R. 112 (1953). There, Judge Quinn wrote that Sergeant (SGT) Smith could not be found guilty of wrongful appropriation or any lesser included offense of larceny if he rightfully took certain items of clothing valued at well over $50.00 as collateral for a debt owed to him. Sergeant Smith testified that he needed money and, without giving any notice to the debtor, took the debtor's clothing from a third party. While the facts of this case are limited, it appears that the "rightful" taking by SGT Smith was based on the debtor's testimony that when SGT Smith loaned him some money, which we assume was $50.00, he told SGT Smith that he could take his clothing if he did not pay back the loan.

---

**1.** We found it odd, however, that the appellant also stated he was making efforts to repay PV2 W and PFC H the money he took from them.

Twenty years later, in *United States v. Eggleton*, 22 U.S.C.M.A. 503, 47 C.M.R. 920 (1973), the Court of Military Appeals restricted the self-help for the collection of a debt defense to the extent that the value of the property taken as security for a debt must reasonably be approximate to the amount of the debt. Airman First Class (AFC) Eggleton pled guilty to wrongful appropriation of a stereo valued at $814.00 that belonged to another airman who AFC Eggleton claimed owed a friend of his $90.00 to $100.00. While recognizing that an accused who takes property, or assists another to take property, as security for a bona fide debt does not possess the criminal intent necessary for conviction of larceny or wrongful appropriation, the Court, nevertheless, rejected AFC Eggleton's defense of self-help for the collection of a debt because the value of the stereo greatly exceeded the amount of the debt. The Court reasoned that any taking of more than the amount owed on the debt denoted the existence of the requisite criminal intent to steal. *Id.* at 922.

Finally, in *United States v. Smith*, 14 M.J. 68 (C.M.A.1982), the Court of Military Appeals addressed the situation where an accused took only the exact amount of money owed to him from his victim. Private First Class Smith had loaned Private (PVT) Webber $10.00 and sought payment. Private Webber could not pay, but told PFC Smith that PFC Powell owed PVT Webber $20.00, and if PFC Smith could get $10.00 from PFC Powell, PFC Smith could keep it as payment for the $10.00 PVT Webber owed to PFC Smith. Private First Class Smith confronted PVT Powell and took $10.00 from him after threatening him with a knife. Private First Class Smith sought to collect on the debt owed him and nothing more. The court found that PFC Smith's insistence that he only intended to acquire his own property—rather than intending to steal someone else's property—was inconsistent with his plea of guilty and held that his plea was improvident. *Id.* at 71.

■ Before accepting a plea of guilty, the military judge must conduct a search-ing and detailed inquiry of the accused to determine if he understands his plea, if it is entered voluntarily, and if the accused is in fact guilty of the charged offense. *United States v. Davenport*, 9 M.J. 364 (C.M.A. 1980); *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). When an accused's responses during the providence inquiry suggest a possible defense, the military judge must explain the elements of that defense to the accused. R.C.M. 910(e) discussion; *United States v. Lee*, 16 M.J. 278, 281 (C.M.A.1983). Where the possibility of a defense exists, a military judge should secure satisfactory disclaimers from the accused that the defense does not apply. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). A plea of guilty should not be accepted unless inconsistencies bearing on a possible defense can be satisfactorily resolved. *United States v. Johnson*, 25 M.J. 553, 554 (A.C.M.R. 1987).

■ In the instant case, the following colloquy occurred during the providence inquiry concerning the appellant's intentions surrounding the larceny and forgery offenses involving PV2 W:

MJ: I need to make you aware that if you thought that you had a right to take those checks and that money and go ahead and cash those checks or whatever to get the money that he owed you, then it's possible that you would not be found guilty of the offense of stealing money. Do you understand that?

ACC: Yes, sir.

MJ: What I'm telling you, if you believe you had a right to take those checks, make his signature on those checks and to cash those checks and receive money from his bank account, then you have what's in the law called a mistake of fact defense. Do you understand that?

ACC: Yes, sir.

MJ: Did you believe at the time you did all this that you were entitled to do what you were doing; take his checks, to sign his name to his checks without any authorization, and then to cash those checks and to receive his money?

ACC: No, sir.

. . . .

MJ: So you admit to me that when you took the money and these checks that you had the intent permanently to deprive [PV2 W] of the use and benefit of the property, is that correct?

ACC: Yes, sir.

With respect to the appellant's intentions to the larceny, wrongful appropriation, and forgery offenses pertaining to PFC H, the following colloquy occurred:

MJ: Did you know at the time you were doing all of this that it was wrong to be doing that?

ACC: Yes, sir.

MJ: Again I want to tell you if you believe that you had a right to do what you did, to take his money to help recover the debt that he owed you, then you could have a defense to these offenses. Do you understand that?

ACC: Yes, sir.

MJ: Did you in fact believe you had a right to do what you were doing?

ACC: No, sir.

. . . .

MJ: What was your intent when you took that car stereo? What were you going to do with it?

ACC: My intent, sir, was to keep the radio until [PFC H] repaid me the money he owed me.

. . . .

MJ: Did you have any right in your mind to take the stereo at the time you took it?

ACC: No, sir.

MJ: You knew it was wrong to do that?

ACC: Yes, sir.

We find that the appellant's responses during the providence inquiry suggested that the defense of self-help for the collection of a debt could apply to the larceny, wrongful appropriation, and forgery offenses. We also find that the military judge substantially explained the elements of this defense, albeit in terms of mistake of fact and claim of right, to the appellant. We further find that the military judge secured satisfactory disclaimers from the appellant that this defense did not apply to the offenses of larceny, wrongful appropriation, and forgery. Accordingly, we hold that the military judge did not err when he accepted the appellant's pleas of guilty to the Specifications of Charges I and II.

The appellant's assertion that his court-martial lacked jurisdiction because the military judge was not designated in accordance with the Appointments Clause of the United States Constitution was resolved against him by the United States Court of Military Appeals in *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

The findings of guilty and the sentence are affirmed.

Senior Judge CREAN and Judge WERNER concur.